IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN WYRICK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 00-0021-CV-W-ODS |
| ) | Crim. No. 94-00194-12-CR-W-DBB |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Following a jury trial, Movant was convicted of committing murder to further a continuing criminal enterprise and conspiring to distribute marijuana. His appeal was consolidated with a co-defendant's appeal, and his conviction was affirmed. United States v. Moore, 149 F.3d 773 (8th Cir. 1998), cert. denied, 525 U.S. 1082 (1999). Movant then filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255, asserting two claims of instructional error and two claims of ineffective assistance of counsel. The second claim of ineffective assistance of counsel alleged his attorney failed to present a defense based on diminished capacity. On February 9, 2001, the Court denied the request for postconviction relief and declined to issue a Certificate of Appealabilty. Movant sought a Certificate of Appealability from the Court of Appeals, but his request was denied.

On January 7, 2013, Movant filed Motion for Relief from Judgment, contending he has new evidence to support his diminished capacity defense. The Government contends his motion must be denied because it constitutes a second or successive application for relief that is barred by 28 U.S.C. § 2241(b)(1). Movant invokes Rule 60(b) in an attempt to avoid the restrictions of section 2241, but the effort will be unsuccessful. A Rule 60(b) motion is a second or successive application for relief if it contains a claim, and it contains a claim if it asserts a basis for relief from the conviction or attacks the previous resolution of a claim on its merits. Ward v. Norris, 577 F.3d 925,

933 (8th Cir. 2009), cert. denied, 130 S. Ct. 2367 (2010) (citing Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). Here, Movant seeks to relitigate an issue that was already decided. This effort assuredly asserts a claim – and as it is a second such effort, the Court must dismiss the motion.

Movant insists he has newly discovered evidence to support his claim. Even if this is true, this Court is not authorized to entertain his motion unless the Court of Appeals first grants him permission to file a second or successive motion for postconviction relief. Movant is free to pursue that course, and the dismissal of his motion (Doc. # 28) is without prejudice to his right to do so.

The Clerk of Court shall mail a copy of this Order to:

Kevin Wyrick
Reg. No. 08724-045
U.S. Penitentiary Marion
P.O. Box 1000
Marion, Illinois  62959

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 19, 2013
UNITED STATES DISTRICT COURT